UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PEDRO FLORES, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                    Plaintiff,

      -against-

NEW CITY LAWN & LANDSCAPE, INC., and
JOSEPH MONTEFERRANTE, individually,

                                 Defendants.
-------------------------------------------------------------------------X

**COMPLAINT**

**Docket No.:** 18-cv-05456

**Jury Trial Demanded**

PEDRO FLORES ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against NEW CITY LAWN & LANDSCAPE, INC. ("New City") and JOSEPH MONTEFERRANTE, individually ("Monteferrante"), (collectively, where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon Defendants' willful violations of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday proper wage statements to their employees containing specific categories of accurate information, NYLL § 195(3); (iv) the

1

NYLL's requirement that employers not make unlawful deductions from employees' earned wages without written consent, NYLL §§ 190, 193; and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff has worked, and continues to work, for Defendants, a Rockland County landscaping corporation and its Chief Executive Officer and day-to-day overseer, as a laborer, from in or around March 2001 through the present. As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating the commencement of this action, ("the Relevant Period"), Defendants routinely required Plaintiff to work beyond forty hours in a workweek during the spring through fall seasons. However, Defendants failed and still fail to compensate Plaintiff at the statutorily-required overtime rate of one and one-half times his regular rate of pay for any hours that Plaintiff worked per week in excess of forty during those seasons. Rather, Defendants paid and still pay Plaintiff at his straight-time rate for all hours worked, including those hours worked in excess of forty per week.

3. Additionally, Defendants also failed and still fail to provide Plaintiff with proper wage statements on each payday as the NYLL requires.

4. Defendants pay and treat all of their laborers who work and worked for them in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his overtime and wage statement claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, that opts-in to this action.

6. Making matters worse, Defendants, without Plaintiff's express written authorization, beginning on May 7, 2018 and continuing through the present, have unlawfully deducted and continue to unlawfully deduct $100.00 as a "loan payment" from Plaintiff's weekly pay, in violation of the NYLL. Plaintiff brings this claim on an individual basis only.

**JURISDICTION AND VENUE**

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district and both Defendants reside within New York, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

9. At all times during the Relevant Period, Plaintiff worked and still works for Defendants in New York and was and is an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

10. At all times during the Relevant Period, Defendant New City was and is a New York corporation with its principal place of business located at 108 Ridge Road, New City, New York 10956.

11. At all times during the Relevant Period, Defendant Monteferrante was and is the Chief Executive Officer of Defendant New City. In that capacity, Defendant Monteferrante oversaw and oversees the day-to-day operations of New City, and was and is responsible for all matters with respect to the terms of employment of New City's employees, including Plaintiff.

Furthermore, Defendant Monteferrante had and has the power to hire and fire and approve all personnel decisions with respect to Defendant New City's employees, supervise and control employee work schedules and conditions of employment, and was and is responsible for maintaining employment records. In fact, Defendant Monteferrante hired Plaintiff, set and sets his work schedule, determined and determines his daily job assignments, and set and sets his rate of pay.

12. At all times during the Relevant Period, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally during that time, Defendant New City's qualifying annual business exceeded and exceeds $500,000, and Defendant New City was and is engaged in interstate commerce within the meaning of the FLSA, as it, on a daily basis, uses goods, equipment, and other materials in the course of its business, such as plants, fertilizer, hoses, and tools, much of which originate in states other than New York, accepts payments in cash that naturally moved across state lines, and accepts credit cards as a form of payment based on cardholder agreements with out-of-state companies, the combination of which subjects Defendant New City to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as laborers and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

14. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

15. At all times during the Relevant Period, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each week over forty, yet they purposefully and willfully choose and chose not to do so.

16. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

17. Defendant New City is a corporation that provides full maintenance services, such as landscaping, lawn maintenance, irrigation work, and patio repairs, to residential and commercial customers in Rockland, Bergen, Orange, Westchester, and Fairfield counties in New York. Defendant Monteferrante manages and oversees the business on a day-to-day basis.

18. In or around March 2001, Defendant Monteferrante, on behalf of Defendants, hired Plaintiff to work for Defendants as a laborer. Plaintiff remains employed in that capacity through the date of filing of this Complaint.

19. As a laborer, Plaintiff's main duties consist of cutting grass and hedges, planting, cleaning, moving tools and equipment, weeding, fencing, and landscaping. Plaintiff primarily

performs these tasks for Defendants at multiple locations in New York, the majority of which are in Rockland County.

20. Throughout the Relevant Period, during the spring, summer, and fall seasons, specifically from April until December of each year, Plaintiff generally worked and works six days a week, Monday to Friday from 8:00 a.m. until 6:00 p.m., and Saturday from 8:00 a.m. until 5:00 p.m., with a paid thirty-minute break on each day, for a total of fifty-nine hours per week.

21. From the beginning of the Relevant Period through in or around the end of 2016, Defendants paid Plaintiff $20.00 per hour for all hours worked per week. From January 2017 to December 2017, Defendants paid Plaintiff $24.00 per hour for all hours worked per week. From January 2018 to the present, Defendants paid and continue to pay Plaintiff $25.00 per hour for all hours worked per week.

22. Throughout the Relevant Period, Defendants paid and still pay Plaintiff at his regular hourly rate for all hours worked, including those hours that Plaintiff worked and works in excess of forty per week.

23. By way of example only, during the week of April 9 through April 15, 2018, Defendants required Plaintiff to work, and Plaintiff did work, six days, Monday to Friday from 8:00 a.m. until 6:00 p.m., and Saturday from 8:00 a.m. until 5:00 p.m., with a paid thirty-minute break on each day, for a total of fifty-nine hours of work for that week. For all of his hours worked that week, Defendants paid Plaintiff at his straight-time hourly rate of $25.00, including for the nineteen hours that Plaintiff worked that week in excess of forty.

24. At all times during the Relevant Period, Defendants paid and pay Plaintiff on a weekly basis, partly by check and partly in cash.

25. On each occasion when they paid and pay Plaintiff during the Relevant Period, Defendants failed and continue to fail to provide Plaintiff with accurate wage statements that list, *inter alia*, Plaintiff's actual hours worked for that workweek or his accurate statutorily-required regular or overtime rates of pay for all hours worked.

26. Defendants treat and treated Plaintiff and all FLSA Plaintiffs in the same manner described above.

27. Defendants act and acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

28. Each hour that Plaintiff and FLSA Plaintiffs work and worked is and was for Defendants' benefit.

29. Additionally, beginning with the pay period from May 7 through May 13, 2018, and continuing through the present, Defendants have deducted and continue to deduct $100.00 from Plaintiff's weekly pay, without procuring Plaintiff's express authorization in writing, as an alleged repayment for a $1,500 loan that Defendants made to Plaintiff in or around January 2018.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime Under the FLSA*

30. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

31. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

32. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

33. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

34. Defendants willfully violated the FLSA.

35. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

36. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

37. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff, and any FLSA Plaintiff that opts-in to this action, are employees within the meaning of the NYLL and the NYCCRR.

40. As also described above, Plaintiff, and any FLSA Plaintiff that opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

41. Plaintiff, and any FLSA Plaintiff that opts-in to this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

42. Plaintiff, and any FLSA Plaintiff that opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

43. Plaintiff, and any FLSA Plaintiff that opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

45. As described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff that opts-in to this action, with accurate wage statements.

46. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $100 for each workweek after the violation occurred, up to the statutory cap of $2,500.

47. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff that opts-in to this action, in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## **FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unlawful Deductions in Violation of the NYLL*

48.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

49.     NYLL §§ 190, 193 prohibit employers from making any deductions from an employee's wages, outside of certain limited enumerated circumstances expressly authorized in writing by the employee.

50.     As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff is an employee within the meaning of the NYLL.

51.     As also described above, Defendants made unauthorized deductions from Plaintiff's pay without his express authorization in writing.

52.     As a result, Defendants are liable to Plaintiff for the amount of any unlawful deduction.

53.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

## **DEMAND FOR A JURY TRIAL**

54.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.      A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

  b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

  c. An order restraining Defendants from any retaliation against Plaintiff and FLSA Plaintiffs for participating in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

j.      Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: June 18, 2018
       Great Neck, New York

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Tel. (516) 248-5550
Fax. (516) 248-6027

_____
ALEXANDER T. COLEMAN, ESQ (AC 1717)
MICHAEL J. BORRELLI, ESQ (MB 8533)